## McAllister v. Lambrose, et al.

(Decided May 31, 1927.)

### Appeal from Carter Circuit Court.

1.  Election of Remedies.—Judgment that seller voluntarily abrogated, and precluded recovery on, contract by instituting action for balance due and causing levy of attachment after buyer's default, held erroneous.

2.  Sales.—In action for balance due for soda fountain, restaurant, and rooming house equipment, evidence held not to show that plaintiff's representations that he had been taking in average of $60.00 per day from business and desired to sell only because of his and his wife's health were false, or that he "planted" customers when deal was consummated to make business appear profitable.

3.  Sales.—Evidence that soda fountain, restaurant, and rooming house equipment, furniture, and fixtures were not worth as much as buyers agreed to pay for them held not to warrant rescission

for fraud, where buyers examined all such property and agreed on price after determining value from their own inspection and appraisal thereof.

4.  Fraud.—Proof to establish charge of fraud must be clear and convincing.

5.  Sales.—In absence of clear and convincing evidence that purchase of soda fountain, restaurant, and rooming house equipment was procured by fraud, which was only defense to seller's action for balance due, seller was entitled to judgment therefor, and buyers' counterclaim for portion of purchase price paid should have been dismissed.

G. W. E. WOLFFORD for appellant.

J. M. THEOBALD for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

On the 31st day of March, 1924, appellant, M. D. McAllister, and his wife, Sallie McAllister, entered into a written contract with appellees, Alexander Lambrose and Florence Lambrose, which evidenced that the former leased unto the latter a certain business house in the town of Grayson, Ky., for five years at a rental of $75.00 per month, payable monthly in advance, and also that the former sold to the latter a soda fountain and equipment, and all the restaurant equipment, and all the furniture and fixtures in the building, the lower floor of which was used as a restaurant and soft drink establishment, and the upper floor of which was used as a rooming house. The price agreed upon for this personal property, was $4,600.00, $800.00 of which was paid in cash, and the remainder of which was to be paid in monthly installments of $75.00 each, payable on the last day of each month. The contract further provided that upon failure to make any of these payments all would become due and payable; and the deferred payments bore interest at 6 per cent. per annum from date until paid. A lien was retained upon the personal property to secure the deferred payments. Upon the execution of the contract the property involved in the sale was immediately delivered to appellees, and they took immediate charge and opened up and began to run the restaurant, soft drink, and rooming house business. They met the monthly rental payments and the monthly payments on the purchase price of the personal property until December 1st, and then defaulted in the

payment of both the monthly rental and the monthly purchase price payment. Thereupon appellant, McAllister, instituted this action to recover the balance due on the purchase price of the personal property and to enforce the lien retained thereon. Grounds for attachment were alleged, an attachment bond was executed, and attachment issued and was levied on the personal property. Appellees answered and alleged that the sale of the personal property to them was procured by the fraud of appellant, McAllister, in that he made false representations to them about the volume of business he had been doing and about the profits he had been making from it. This was denied by reply, and, after a considerable volume of evidence was taken, the action was submitted to the chancellor. By judgment rendered on April 20, 1926, the foregoing facts were recited, and the chancellor adjudged that by instituting the action and causing the attachment to issue and to be levied, the plaintiff (appellant) "has voluntarily abrogated the contract himself and permanently and completely prevented the defendants from performing the contract, and said contract stands rescinded by this action." Further: "It being, therefore, adjudged that the plaintiff has abrogated the contract and it has been rendered of no effect by the act of the parties, there can be no recovery on said contract in this action, and the parties are to be placed in statu quo." The chancellor further by this judgment referred the case to his master commissioner for the purpose of furnishing him with the information necessary to enable him by judgment to restore the parties to the status quo ante. The commissioner reported along the lines directed by the judgment that the parties could be placed in statu quo by requiring appellant to repay to appellee the sum of $876.63. Both parties filed written exceptions to this report, which were overruled by the chancellor, and on August 27, 1926, this judgment was entered:

"It is therefore adjudged by the court that the parties to this action be and they are hereby placed in statu quo as shown by the commissioner's report filed herein, on August 9, 1926, exceptions to which by both parties are hereby overruled, and that the master commissioner of this court pay to the defendants Alexander and Florence Lambrose the sum of $876.62, with interest thereon at the rate of 6 per cent. per annum from August 1, 1926, until paid,

after deduction therefrom of one-half of the costs of this action.''

Appellant prayed and was granted and prosecutes this appeal from that judgment.

The erroneousness of the chancellor's conclusions, as evidenced by the judgments rendered herein, is at once apparent. This is the first instance to which this court's attention has been called in which it has been held that a party to a contract pursuing a remedy granted by it has abrogated it and deprived himself of the right to any relief under it. The relief granted by the judgment herein was not even sought in the pleadings filed by appellees. Appellees sought a rescission of the contract by which the personal property involved was sold to them, upon the ground that it had been procured by appellant's fraud, and judgment for the amount paid on the purchase price. The fraud upon which they rely, as alleged in their answer, was that appellant fraudulently represented to them that he had been taking in from the business an average of $60.00 per day; that he was making $7,000.00 per year profit; desired to sell only because his health and the health of his wife was such that they could no longer conduct the business; and that on the day the deal was consummated a number of purchasers were ''planted'' to make it appear that the business was brisk and prosperous. If it be conceded that appellant represented that there was an average daily volume of business of $60.00, there is a total failure of proof that this representation was false. The only evidence tending to establish the falsity of this representation is appellees' argument that it must have been false because the volume of business done by them, after acquiring the property, was not that large.

Appellant filed with his evidence the account book in which he kept the record of his daily sales during the year he had operated this business previous to the sale to appellees, and testified that in making the deal with appellees he displayed that book to them as showing the daily volume of business, and it shows an average perhaps greater than $60.00 per day. No evidence to be found in the record impeaches the correctness of this exhibit. Appellant denied that he represented to appellees that he was making a profit of $7,000.00 per year from the business. A great deal of proof for appellees was directed toward establishing that the soda fountain and

equipment and the articles of personal property comprising the equipment for the restaurant and the furniture and fixtures in the various rooms of the rooming house were not worth as much as appellees agreed to give for them. This testimony was wholly beside the point, because all of this property was examined by appellees and they agreed what they would give for it after making up their minds as to its value from their own inspection and appraisal of it. Appellees undertook to sustain their allegation that on the occasion when the deal was consummated appellant had "planted" a number of customers to make the business appear to be profitable by testifying that on the morning the deal was closed a number of school children appeared and made purchases and that appellant and his help waited on them in a very ostentatious manner. There is a total failure of proof that any of these were other than bona fide customers who came to this place of business in the usual course of business, and consequently no significance at all can be attached to this incident. Testimony from physicians established that prior to the deal appellant and his wife were in poor health and had been advised to get out of the business they were in.

Under the contract it appears that appellees purchased the soda fountain, restaurant, and rooming house equipment for $4,600.00, paid $800.00 in cash, agreed to pay the balance in monthly installments of $75.00 each, payable at the end of each month, and that, if they failed to pay any installment when due, the remaining installments should all become due. The evidence establishes that the installment due December 1, 1924, was not paid, and that when thereafter appellant sued to collect the balance due and to enforce his lien appellees defended solely upon the ground that the sale to them had been procured by fraud and sought to rescind upon that ground and to recover the portion of the purchase price they had paid. It has uniformly been written that proof to establish a charge of fraud must be clear and convincing. When measured by that rule this court can but conclude that the proof for appellees is wholly insufficient. Appellant was entitled to a judgment for the balance due on the contract of sale and the counterclaim of appellees should have been dismissed.

For the reasons indicated, the judgment herein is reversed and cause remanded for judgment in conformity herewith.